United States District Court
Southern District of Texas
**ENTERED**
April 13, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MANUEL SOSA, § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 1:23-cv-31 |
| § | |
| CT RESTAURANT, LP, <u>et al.</u>, § | |
|     Defendants. § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On August 4, 2020, Plaintiff Manuel Sosa sued Defendants CT Restaurant LP, Crescent Capital Investments LLC, Cajun Operation Company, and Church's Chicken (collectively "Defendants" or "Church's Chicken") in the Cameron County Court at Law 3. Dkt. No. 1-4.

On February 8, 2023, Church's Chicken removed the case to this Court on the basis of diversity jurisdiction. Dkt. No. 1.

On March 10, 2023, Sosa timely filed a motion to remand the case, arguing that the removal was untimely filed under 28 U.S.C. § 1446(b)(3). Dkt. No. 5. Church's Chicken filed a response. Dkt. No. 7.

After reviewing the record and the relevant case law, it is recommended that the motion to remand be granted. Church's Chicken did not timely remove the case.

**I. Background**

On August 4, 2020, Sosa sued Church's Chicken in the Cameron County Court at Law 3 for injuries sustained when a toilet collapsed in the restaurant's bathroom. Dkt. No. 1-4. As to damages, the complaint stated that "the amount in controversy greatly exceeds the minimum jurisdictional requirements of this Court." <u>Id</u>., p. 3. The Court notes that the Cameron County Court at Law 3 has "concurrent jurisdiction with the district court in civil cases in which the amount in controversy exceeds $500 but does not exceed $1 million, excluding interest." TEX. GOVT. CODE § 25.0332(a)(2). The Texas Rules of Civil Procedure require a plaintiff to plead whether the amount in controversy is less than

1

$250,000, between $250,000 and $1 million or in excess of $1 million. Tex. R. Civ. P. 47(c).  A plaintiff may not conduct discovery unless it has complied with this requirement. Tex. R. Civ. P. 47(d).

On November 30, 2020, Sosa filed responses to discovery responses that Church's Chicken propounded on him. Dkt. No. 5-4.  In those responses, Sosa claimed total past medical expenses of $147,628. Id., p. 7.

On December 22, 2022, Church's Chicken filed "special exceptions" to the state court petition, asking the Court to require Sosa to file an amended complaint that complied with Tex. R. Civ. P. 47. Dkt. No. 1-11.

On January 23, 2022, Sosa filed his first amended complaint in state court. Dkt. No. 1-15.  Pursuant to Tex. R. Civ. P. 47, Sosa pled that he was seeking damages of "over $250,000 but not more than $1,000,000." Id., p. 8.

On February 8, 2023, Church's Chicken removed the case to this Court on the basis of diversity jurisdiction. Dkt. No. 1.  Sosa is a resident of Texas, and the Defendants are citizens of Georgia. Id.  Church's Chicken argued that the first amended complaint was the first time that it could ascertain that the amount in controversy exceeded $75,000. Id.

On March 10, 2023, Sosa timely filed a motion to remand. Dkt. No. 5.  Sosa argued that under 28 U.S.C. § 1446(b)(3), the November 2020 discovery responses constituted "other paper" from which Church's Chicken could ascertain that the amount in controversy exceeded $75,000. Id.  As such, Sosa argues that those responses started the 30-day clock for removal, making the February 2023 removal untimely filed, mandating remand. Id.

Church's Chicken did not initially file a response to the motion to remand.  On April 3, 2023, the Court ordered Church's Chicken to show cause as to why the motion to remand should not be considered unopposed. Dkt. No. 6.

On April 10, 2023, Church's Chicken filed a response in opposition to the motion to remand. Dkt. No. 7.  Church's Chicken argued that Sosa "acted in bad faith by waiting so long to amend his petition to clarify that the was seeking more than $75,000.00 in damages." Id.

**II. Applicable Law**

   **A. Diversity Jurisdiction**

United States District Courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1).  Neither party challenges the diversity of citizenship in this case. Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 553 (2005)(requiring complete diversity of citizenship).  Instead, the jurisdictional challenge centers around the amount in controversy.

   **B. Removal**

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable" to federal court. 28 U.S.C. § 1441(a)–(b).  The party seeking removal bears the burden of showing that jurisdiction exists, and that removal is proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995).  Jurisdiction is determined by examining the claims in the state court petition at the time of removal. Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id.

As relevant here, removal based on diversity of citizenship must be done within 30 days of service of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).  "A discovery response may constitute an 'other paper' under the federal removal statute, notifying defendant of an action's removability and triggering the 30–day removability period." Cole ex rel. Ellis v. Knowledge Learning Corp., 416 Fed. App'x 437, 440 (5th Cir. 2011).  However, the discovery response must be "unequivocally clear and certain" in order to trigger the removal statute. Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002).

If the plaintiff acts in "bad faith" to prevent timely removal, then the Court should not remand the case. § 1446(b)(3)(B).  "Conduct rises to the level of bad faith when a party

makes a transparent attempt to avoid federal jurisdiction." Vallecillo v. Wells Fargo Home Mortg. Fin., Inc., 2017 WL 9935522, at *2 (W.D. Tex. Sept. 18, 2017) (internal quotation marks omitted). However, "merely suspicious behavior is not enough to demonstrate bad faith or forum manipulation." Peres v. JPMorgan Chase Bank, N.A., 2007 WL 1944376, at *3 (N.D. Tex. June 19, 2007). Furthermore, "the mere failure to plead the amount of damages in the original and amended petition," standing alone, is not evidence of bad faith. Morgan Bldgs. & Spas, Inc. v. Advantage Mfg., Inc., 2006 WL 1140657, at *1 (N.D. Tex. May 1, 2006).

**III. Analysis**

The Court finds that Church's Chicken did not timely remove the case to federal court and that Sosa did not act in bad faith to prevent timely removal.

**A. Timeliness**

Sosa's discovery responses, filed in November 2020, constituted an "other paper" which started the 30-day removal clock.

As previously noted, a discovery response which contains an "unequivocally clear and certain" statement regarding damages can serve as an "other paper" under 28 U.S.C. § 1446(b). Cole ex rel. Ellis v. Knowledge Learning Corp., 416 Fed. App'x 437, 440 (5th Cir. 2011). In his discovery response, Sosa alleged past medical damages totaling $147,628. Dkt. No. 5-4. This discovery response "affirmatively" revealed "on its face" that the amount in controversy exceeded $75,000. Bosky, 288 F.3d at 211. Sosa filed this discovery response on November 30, 2020. Dkt. No. 1-3, pp. 4-5. Thus, the 30-day period for removal was triggered on that date and expired on December 30, 2020. § 1446(b).

The discovery responses predated the amended complaint and started the 30-day clock. See Doss v. Albertson's LLC, 492 F. Supp. 2d 690, 692 (W.D. Tex. 2007) (holding that a discovery response which made clear that the amount in controversy was met started the 30-day clock, not the later amended complaint).

Church's Chicken did not remove the case until February 2023, over two years after the discovery responses were filed. As such, the removal was untimely filed, and remand is appropriate.

**B. Bad Faith**

Church's Chicken argues that Sosa acted in bad faith by not pleading the amount in controversy in his initial complaint. In short, Church's Chicken has not demonstrated bad faith.

Church's Chicken has the burden of demonstrating that Sosa acted in bad faith. Boney, 2019 WL 5579206, at *2. The Court reiterates that "the mere failure to plead the amount of damages in the original and amended petition," standing alone, is not evidence of bad faith. Morgan Bldgs. & Spas, 2006 WL 1140657, at *1.

Sosa did not actively conceal the fact that the amount in controversy exceeded $75,000. Space Maker Designs, Inc. v. Steel King Indus., Inc., 2010 WL 2680098, at *3 (N.D. Tex. July 6, 2010). Sosa timely replied to the Defendants's discovery requests and stated – in bold type – that the past medical expenses totaled $147,628. Dkt. No. 5-4.

Furthermore, the Defendants did not file the special exceptions with the state court until January 2023, when the failure to plead under Tex. R. Civ. P. 47 was apparent on the face of the complaint. The Defendants could have filed the special exceptions with their answer, so as to force Sosa to amend his complaint at the earliest possible time. Simply put, Sosa notified the Defendants, through his discovery responses, that the amount in controversy exceeded $75,000, and the Defendants slept on their right to remove the case. The fact that the Defendants did not move to protect their rights does not mean that Sosa acted in bad faith.

**IV. Recommendation**

It is recommended that the motion to remand be granted. Dkt. No. 5. This case should be remanded to the Cameron County Court at Law 3.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a <u>de novo</u> review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a <u>de novo</u> review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. <u>Alexander v. Verizon Wireless Servs., L.L.C.</u>, 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on April 13, 2023.

_____
Ronald G. Morgan
United States Magistrate Judge